IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | |
| | § | |
| DEWAYNE KEVIN SHARLOW | § | |
| | § | |
| Defendant/Debtor, | § | NO. 3-09-CV-2238-F |
| | § | |
| and | § | |
| | § | |
| PETRI ELECTRIC, INC. | § | |
| | § | |
| Garnishee. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Dewayne Kevin Sharlow, appearing *pro se*, has claimed certain exemptions to a writ of garnishment obtained by the United States of America. For the reasons stated herein, the exemptions should be disallowed.

I.

On April 12, 2002, defendant was convicted of mail fraud and sentenced to 18 months confinement. The district court also ordered defendant to pay restitution to Blue Cross/Blue Shield of Texas in the amount of $80,182.11. The judgment provides that "[p]ayment shall begin while the defendant is incarcerated, and the balance shall be payable through monthly installments of at least $300." (*See* Jt. Hrg. Mem., Gov't Exh. 1). As of October 21, 2009, the outstanding judgment balance was $46,240.51. (*Id.*, Gov't Exh. 4). In an effort to collect this sum, the government sought and obtained a writ of garnishment against defendant's employer, Petri Electric, Inc. ("Petri"), pursuant to 28 U.S.C. §§ 3201 and 3205. The writ requires Petri to withhold 25% of defendant's

disposable earnings from each pay period to be applied to his restitution obligation. *See* 15 U.S.C. § 1673(a) (limiting garnishment of wages to 25% of disposable earnings of an individual for any workweek or the amount of disposable earnings in excess of 30 times the federal minimum hourly wage).

Defendant and Petri were served with the writ of garnishment and notified of the procedures for claiming exemptions. On January 14, 2010, Petri filed an answer to the writ, stating that defendant has gross earnings of $629.85 per week. Of that amount, $34.49 is withheld for federal income tax, and $33.47 is withheld for FICA. An additional $133.59 is deducted from defendant's net earnings for insurance, a 401K Plan, and training, resulting in net weekly pay of $428.30. (*See* Jt. Hrg. Mem., Gov't Exh. 3). In a pleading filed on February 8, 2010, defendant claimed the following exemptions from garnishment: (1) wearing apparel and school books; (2) books and tools of a trade, business, or profession up to $3,125; (3) judgments for support of minor children; and (4) assistance under the Job Training Partnership Act. Defendant also requested a hearing to determine the validity of those exemptions.

A hearing was scheduled for March 26, 2010 before U.S. Magistrate Judge Jeff Kaplan. Prior to the hearing, the government and defendant were ordered to file a joint hearing memorandum containing, *inter alia*, "the specific exemptions sought by defendant and the statutory or other legal basis for each such exemption." *See* Order, 3/9/10. Defendant offered the following reasons why his exemptions should be allowed:

> My contentions [sic] is the Judge was stearn [sic] on me and no one else. I did not work for Blue Cross Blue Shield. The leader who came to me. Turned and told on me so she can get a deal and she don't have to pay resitution [sic] and she did no prison time. I'm guilty of having bad representation. I paid a large amount of that money back. But I did not see more than $25,000 of that money. So my opinion is I should not have to pay $80,000.

(*See* Jt. Hrg. Mem. at 4). A similar argument was made by defendant at the hearing. When given the opportunity to testify or make a statement to the court, defendant reiterated that the restitution amount was excessive, that he received ineffective assistance of counsel, and that the payments sought by the government would create an undue financial hardship on him and his family. The government stood on its pleadings and the exhibits attached to the joint hearing memorandum.

II.

The United States may enforce a judgment imposing a criminal fine or restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a) & (f). One such procedure is a writ of garnishment under the Federal Debt Collection Practices Act ("FDCPA"), 28 U.S.C. § 3205. This statute provides, in pertinent part:

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody or control of a person other than the debtor, in order to satisfy the judgment against the debtor[.]

*Id.* § 3205(a). However, certain property is exempt from garnishment. This includes "property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10) and (12) of the Internal Revenue Code of 1986." 18 U.S.C. § 3613(a)(1). Section 6334(a) of the Internal Revenue Code provides, in part:

> There shall be exempt from levy:
>
> (1)  Wearing apparel and school books. Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;
>
> * * * *

(3) Books and tools of a trade, business, or profession. So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $3,125 in value;

* * * *

(8) Judgments for support of minor children. If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment[;]

* * * *

(12) Assistance under Job Training Partnership Act. Any amount payable to a participant under the Job Training Partnership Act [ ] from funds appropriated pursuant to such Act.

26 U.S.C. § 6334(a). The party filing an objection has the burden of proving the grounds for any exemption. 28 U.S.C. § 3205(c)(5); *see also United States v. Kemp*, No. 3-96-CR-300-P, 2002 WL 31548868 at *2 (N.D. Tex. Nov. 12, 2002), *citing United States v. Sawaf*, 74 F.3d 119, 121 (6th Cir. 1996).

III.

Defendant is currently employed by Petri Electric, Inc., where he earns wages that can be garnished to satisfy his criminal restitution obligation. The government does not seek to garnish: (1) wearing apparel and school books; (2) books and tools of a trade, business, or profession up to $3,125; or (3) assistance under the Job Training Partnership Act. (*See* Jt. Hrg. Mem. at 3). Although defendant testified that he financially supports his children, there is no court order requiring him to do so. Such an order is necessary to establish the child support exemption. *See Kemp*, 2002 WL 31548868 at *2, *citing United States v. Taylor*, No. 3-00-CV-2495-P, 2001 WL 1172185 at *2 (N.D. Tex. Sept. 27, 2001). None of the other arguments made by defendant--that the restitution amount was excessive, that he received ineffective assistance of counsel, and that the payments sought by

the government would create an undue financial hardship--are valid objections to a writ of garnishment. Accordingly, defendant's exemptions should be disallowed.

## RECOMMENDATION

The exemptions claimed by defendant [Doc. #11] should be disallowed. Petri Electric, Inc. should be required to comply with the writ of garnishment issued on December 1, 2009, and withhold 25% of defendant's disposable earnings from each pay period to be applied to the balance of his criminal restitution obligation.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 26, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE